UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUADALUPE VASQUEZ,<br><br>                Plaintiff,<br><br>        v.<br><br>MARKET SQUARE HONEY BUN OWNERS,<br><br>                Defendant. | No. 2:24-cv-00770-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.      In Forma Pauperis Application**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)).  Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

1 content that allows the court to draw the reasonable inference that the defendant is liable for the
2 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
3 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
4 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
5 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**I.     Screening Order**

Plaintiff alleges that, while biting into a "Honey Bun" he had purchased from the prison canteen, "a stick with some small pieces were all in my mouth."  ECF No. 1 at 3.  Plaintiff washed out his mouth.  *Id.*  Unidentified medical personnel at the prison denied plaintiff care.  *Id.* at 4.  Plaintiff does not allege any actual physical injury.

This action must be dismissed because it is duplicative of an earlier-filed, and still pending, case – *Jose Guadalupe Vasquez v. Honey Bun, et al.*, E.D. Cal. Case No. 2:24-cv-00684-TLN-AC (hereinafter "*Vasquez I*").  The court takes judicial notice pursuant to Federal Rule of Evidence 201 of plaintiff's complaint in *Vasquez I*, which also names defendant Honey Bun (along with an additional defendant, the State of California) and contains the same allegations. *Vasquez I*, ECF No. 1.  A case pursued by an in forma pauperis litigant may be dismissed as duplicative where it involves the same subject matter and is pursued against the same defendants. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).

If plaintiff intended the complaint he filed in this action to be filed as an amended complaint in *Vasquez I*, he must correct the caption by changing the case number and the named parties to match the caption in *Vasquez I* and file it in that case.  Alternatively, he may simply inform the court that this was his intent and request that the court direct that this new complaint be filed as an amended complaint in *Vasquez I*, in which case the court will vacate the orders granting in forma pauperis status and directing collection of the filing fee.  Any such notice and request must be filed within fourteen days after being served with these findings and

recommendations.

## II. Order and Recommendation

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections filed concurrently herewith;
3. The Clerk of Court randomly assign a district judge to this action.

It is further RECOMMENDED that the case be dismissed without leave to amend as duplicative of *Jose Guadalupe Vasquez*, E.D. Cal. Case No. 2:24-cv-00684-TLN-AC.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 10, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE